IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN A. TAYLOR,

        Plaintiff,

v.                                                       Civil Action: 3:08-CV-102
                                                      (BAILEY)

RODNEY HOVERMALE,

        Defendant.

**MEMORANDUM, OPINION, AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND ORDERING DEFENDANT TO SUBMIT THE DOCUMENTS REQUESTED REGARDING DEFENDANT'S NET WORTH TO THE CLERK TO BE PLACED UNDER SEAL**

On April 3, 2009 came the above named Plaintiff, by John A. Taylor, Pro Se, via telephone, and the above named Defendant, by Trevor Taylor, for an evidentiary hearing and argument on Defendant's Plaintiff's to Compel Discovery.[1]  Testimony was not taken, and no other evidence was introduced.

## I.  INTRODUCTION

A.      Background

In 2006, Plaintiff was served with process in two condemnation actions brought by Warm Springs Public Service District ("WSPSD").  At the time, Plaintiff did not oppose the condemnations and allowed them to go by default.

In January of 2008, Plaintiff learned from the tenants on his property that WSPSD was in the process of constructing a permanent road, a large retaining wall and an above-ground sewage

---

[1] Doc. No. 28

1

pumping station on the property. Plaintiff notified the attorney for WSPSD in the condemnation action that he believed WSPSD's actions exceeded the easement. He demanded WSPSD cease and desist.

In the Spring of 2008, Plaintiff was contacted by Allegheny Power. Allegheny Power requested an easement to run power across Plaintiff's property to the pumping station. Plaintiff advised the power company that all issues regarding the property would need to be resolved at once.

WSPSD then filed an action in the Circuit Court of Morgan County, West Virginia. This action was subsequently removed to this Court by Plaintiff (No. 3:08-CV-96). That action sought an easement for the use WSPSD had already made of Plaintiff's property.

Plaintiff filed this action separately against Defendant, Hovermale, personally, alleging Hovermale was negligent in initiating WSPSD's unlawful use of Plaintiff's property and in continuing with the unlawful use once he affirmatively learned there was no easement to allow such use.

Plaintiff propounded Interrogatories and a Request for Production of Documents upon Hovermale to which Hovermale has filed responses. This dispute arose over Plaintiff's contention that certain of these responses were insufficient.

B.  The Motion

Plaintiff's Motion to Compel Discovery[2]

C.  Decision

Plaintiff's Motion to Compel is Granted in Part and Denied in Part as hereinafter set

---

[2] Doc. No. 21

forth.

## II. FACTS

1. On March 2, 2009, Plaintiff filed his Motion to Compel.[3]

2. This Court set an evidentiary hearing argument on the motion for March 26, 2009.[4]

3. Defendant filed his Response in Opposition to the Motion on March 23, 2009.[5]

4. At the hearing, Plaintiff requested a continuance because he had not had sufficient time to read Defendant's Response and to prepare a Reply.

5. The continuance was granted and the hearing was set for April 3, 2009.[6]

6. Pursuant to the Scheduling Order, the deadline for completion of discovery in this action was March 31, 2009.[7]

## III. PLAINTIFF'S MOTION TO COMPEL

A. <u>Discussion</u>

At the hearing, Plaintiff advised the Court that he received responses to the discovery requests, with the exception of the interrogatories and requests for production of documents regarding Defendant's net worth. Plaintiff advised that he received them the night before the hearing. He stated that preliminarily it appeared Defendant had responded fully and completely

---

[3] Doc. No. 21

[4] Doc. No. 23

[5] Doc. No. 28

[6] Doc. No. 31

[7] Doc. No. 6

3

to the discovery requests, with the exception of those discovery requests regarding Defendant's net worth. Therefore, Plaintiff's motion is denied as moot as to the discovery requests with the exception of those regarding Defendant's net worth.

In Interrogatory No. 12, Plaintiff asked for Defendant to "identify any and all information that you contend should be considered in determining the quantum of any punitive damages award that may be entered, including but not limited to your net worth and how it was determined."

Defendant objected on the grounds that punitive damages are not permitted pursuant to West Virginia Code against a government subdivision employee such as Mr. Hovermale. Defendant further avers that the information sought is neither relevant, nor is it likely to lead to the discovery of relevant evidence.

The Court cannot be sure at this time whether punitive damages will be awarded in this case. It is the practice of this Court, in cases such as the instant one, that a party be required to submit documents relating to punitive damages to the Court to be placed under seal. Therefore, Defendant is hereby ordered to submit to the clerk, all documents relating to Plaintiff's Interrogatory No. 12. More specifically, the Court is referring to those documents relating to Defendant's net worth for purposes of punitive damages. The documents will be placed under seal until such time, if and when, the District Court finds this case is a punitive damages case.

B.  Decision

Plaintiff's Motion to Compel as to all discovery requests other than Interrogatory No. 12 is **DENIED** as **MOOT** because Plaintiff advised the Court that he received all discovery responses responsive to all interrogatories and requests for production other than Interrogatory

No. 12.  Furthermore, Plaintiff's Motion to Compel as to Interrogatory No. 12 is **GRANTED** and Defendant is **ORDERED** to submit to the clerk all documents responsive to Interrogatory No. 12 relating to Defendant's net worth to be placed under seal within ten (10) days from the date of this Order.

Filing of objections does not stay this Order.  Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: April 7, 2009

>*/s/ James E. Seibert*
> JAMES E. SEIBERT
> UNITED STATES MAGISTRATE JUDGE